

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-10-2003

# Walker v. Flitton

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-3864

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Walker v. Flitton" (2003). *2003 Decisions.* Paper 467.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/467

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 02-3864

MICHAEL WALKER; ERNIE HEFFNER;
JEFFERSON MEMORIAL FUNERAL HOME;
BETTY FREY,

Appellants

v.

JODI FLITTON; JOSEPH A. FLUEHR, III; ANDREW MAMARY;
JANICE MANNAL; GARY L. MORRISON; MICHAEL D. MORRISON;
DONALD J. MURPHY; JAMES O. PINKERTON

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 01-cv-02252)
District Judge: Honorable John E. Jones, III

Submitted Under Third Circuit LAR 34.1(a)
April 24, 2003

Before: SCIRICA*, Chief Judge, AMBRO and GARTH, Circuit Judges

(Opinion filed: June 10, 2003)

OPINION

*Judge Scirica commenced his term as Chief Judge on May 4, 2003.

AMBRO, Circuit Judge

This case involves a dispute about the extent to which the Pennsylvania State Board of Funeral Directors can regulate the sale of future funeral services to the living (known as pre-need funeral services). Appellants filed a civil rights action in federal court accusing the Board of violating their First Amendment rights because of its resolution (and decisions interpreting that resolution) holding in effect that only licensed funeral directors may provide those services. The District Court dismissed the action under the Rooker-Feldman[1] doctrine, reasoning that reaching the merits of appellants' claims would require it to revisit a final order of the Pennsylvania state court. Because appellants were not a party to the state court decision to which the District Court referred, we conclude that the Rooker-Feldman doctrine does not apply, and we reverse.

1.      **Facts and Procedural History**

The Board issued a resolution stating, in essence, that giving information about prices or describing the funeral services or tangible items available from any specific funeral home for the funeral services of a person then-living constitutes the practice of

---

[1]According to the Rooker-Feldman doctrine, only the United States Supreme Court has jurisdiction to review a state-court decision. In Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923), the Supreme Court, in reviewing an attempt to seek relief from a state-court judgment, stated that "no court of the United States other than this court could entertain a proceeding to reverse or modify the [state-court] judgment." In District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983), the Supreme Court reaffirmed that "the United States District Court is without authority to review final determinations of the District of Columbia Court of Appeals in judicial proceedings."

funeral directing. Subsequently, the Board found two individuals, Faye Morey and Andrew D. Ferguson, guilty of the unauthorized practice of funeral directing as a result of their involvement in the types of activities described in this resolution. The Commonwealth Court affirmed those adjudications in <u>Ferguson v. Pennsylvania State Bd. of Funeral Directors</u>, 768 A.2d 393 (Pa. Commw. Ct. 2001). None of the appellants in this action was a party to those proceedings.

Appellants Walker (a licensed insurance agent who sells funeral insurance), Frey (an employee of Preneed, a company that sells funeral items and financial packages to finance funeral services to living persons), Heffner (a licensed funeral director who sells pre-need funeral services financed by Preneed), and Jefferson Memorial Funeral Home (a licensed funeral home that sells pre-need funeral services that are funded by policies sold by Walker) filed suit against the members of the Pennsylvania Board in District Court alleging violations of their rights to commercial speech under the First Amendment. The District Court granted the defendants' motion to dismiss for lack of subject matter jurisdiction, concluding that, because the Commonwealth Court had adjudicated the constitutional claims asserted by appellants in <u>Ferguson</u>, 768 A.2d 393, this suit was barred by the <u>Rooker-Feldman</u> doctrine. Because "Pennsylvania courts have already adjudicated the identical issue presented in this case," the District Court concluded that "[p]laintiffs are seeking to have us serve as a *de facto* appellate court to review the reasoned judgment of the Commonwealth Court on an issue designed for that Court's

3

interpretation." This appeal followed.[2]

It is well-settled in our Circuit that "Rooker-Feldman does not bar individual constitutional claims by persons not parties to earlier state court litigation." FOCUS v. Allegheny County Ct. of Common Pleas, 75 F.3d 834, 840 (3d Cir. 1996) (quoting Valenti v. Mitchell, 962 F.2d 288, 298 (3d Cir. 1992)); see also 18B Charles Alan Wright et al., Federal Practice and Procedure § 4469.1 (2d ed. 2002) ("An important parallel to preclusion doctrine is found in the rule that [the] Rooker-Feldman doctrine does not defeat federal jurisdiction when a nonparty brings the action, even though [the] decision may involve matters inextricably intertwined with a state judgment.") (emphasis added). Indeed, defendants "recognize that this Circuit has applied a blanket rule that Rooker-Feldman does not apply to third parties." (Appellee's Br. at 9.) As appellants in this case were not parties to Ferguson, it was error for the District Court to grant defendants' motion to dismiss under the Rooker-Feldman doctrine.

Defendants urge that "because many courts have held differently and applied Rooker-Feldman to nonparties," we should "reconsider [our] position." (Appellee's Br. at 9.) (citing Lemonds v. St. Louis Cty., 222 F.3d 488, 494-96 (8th Cir. 2000)). Our internal operating procedures provide that a panel must follow our Court's precedent, which may only be overturned by the Court sitting en banc. Internal Operating

---

[2]We have jurisdiction to review the District Court's order dismissing the action pursuant to 28 U.S.C. § 1291. Our review of a dismissal for lack of subject matter jurisdiction is plenary. Gulla v. North Strabane Twp., 146 F.3d 168, 171 (3d Cir. 1998).

4

Procedures § 9.1.  To the extent that defendants wish to persuade us to reconsider our judgments in <u>FOCUS</u> and <u>Valenti</u>, those arguments are more appropriately addressed to the Court via a petition for rehearing <u>en banc</u>.

Accordingly, we reverse the decision of the District Court dismissing the case for lack of subject matter jurisdiction, and remand for further proceedings consistent with this opinion.

---

TO THE CLERK:

Please file the foregoing Opinion.

By the Court,


/s/Thomas L. Ambro
Circuit Judge

5